JAMES A. MUNKLEY *vs.* GEORGE M. HOYT & others.

Suffolk.    March 7, 1901. — May 23, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Registered Pharmacist,* What is a conviction.

St. 1896, c. 397, § 9, provides that the license of a registered pharmacist shall not
be revoked for a cause punishable by law until after conviction by a court of
competent jurisdiction.  A registered pharmacist pleaded guilty to a complaint
in the Superior Court charging him with an unlawful sale of intoxicating liquor,
and thereupon that court ordered the complaint placed on file, and there was no
other order or proceeding in the case.  *Held,* that this was a conviction within
the meaning of the above clause and that the license of the pharmacist could be
revoked on a charge of keeping intoxicating liquors for the purpose of unlawful
sale.

PETITION for a writ of certiorari to correct the proceedings of
the board of registration in pharmacy in revoking the petitioner's
certificate of registration as a registered pharmacist on a charge
of keeping intoxicating liquors for the purpose of unlawful sale,
filed January 8, 1901.

The case was heard by *Hammond*, J., who reported it for the
consideration of the full court as follows:

" At the hearing before me the only questions in dispute were
whether the petitioner had been guilty of laches, and whether
he had been convicted of an offence punishable by law within
the meaning of St. 1896, c. 397, § 9.   Upon the first question I
found in favor of the petitioner.

" As to the question respecting conviction, it appeared that,
to a complaint for the illegal sale of intoxicating liquor pending
in the Superior Court for this county against the petitioner, he,
on the 14th day of October A. D. 1897, pleaded guilty; and
thereupon, on motion of the petitioner, the court ordered the
complaint to be placed on file, and there has since been no other
order or proceeding in the case.

" I report to the full court the question whether, upon these
facts, the petitioner has been convicted within the meaning of
the statute.   If he has been so convicted, then the petition is to
be dismissed; otherwise the writ is to issue."

St. 1896, c. 397, § 9, provides that the board of registration in pharmacy may, after hearing, suspend the registration of a registered pharmacist " and his certificate thereof, for such term as the board in their judgment, after due consideration of the facts, may deem for the best interest of the public, or may revoke it altogether, but the license or certificate of registration of a registered pharmacist shall not be suspended or revoked for a cause punishable by law until after conviction by a court of competent jurisdiction."

*J. F. Lynch*, for the petitioner.

*F. H. Nash*, Assistant Attorney General, for the respondents.

HAMMOND, J. The petitioner pleaded guilty to a complaint pending in the Superior Court charging him with an unlawful sale of intoxicating liquor; whereupon on his motion the court ordered the complaint placed on file, and there has since been no other order or proceeding in the case.

The question is whether upon these facts the petitioner has been convicted within the meaning of St. 1896, c. 397, § 9.

The word " conviction " is used in at least two different senses in our statutes. In *Commonwealth* v. *Lockwood*, 109 Mass. 323, 325, Gray, J., uses this language: " The ordinary legal meaning of ' conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained "; and he cites authorities which amply sustain the proposition. This, then, is the usual and altogether the most common meaning of the word " conviction."

When, however, it " is used to describe the effect of the guilt of the accused as judicially proved in one case, when pleaded or given in evidence in another, it is sometimes used in a more comprehensive sense, including the judgment of the court upon the verdict or confession of guilt." *Commonwealth* v. *Lockwood*, *ubi supra*, 329. There are two cases in our reports where the word is used in this latter and less usual sense. The first is *Commonwealth* v. *Gorham*, 99 Mass. 420, in which it was held that the

word, as used in the statute providing that the conviction of a witness of a crime may be shown to affect his credibility, implies a judgment of the court, the ground of the decision being that at common law the production of the full record, including not only the conviction, technically so called, but the judgment thereon, was necessary to show that a witness was incompetent on account of infamy, and that the intention of the statute was to restore the competency of the witness against whom the record of a crime is produced, but to permit the same evidence to be used as affecting his credibility. The second is *Commonwealth* v. *Kiley*, 150 Mass. 325, in which the word " conviction " in St. 1887, c. 392, providing that the conviction of a licensee for violation of certain provisions of the law relating to intoxicating liquors shall " of itself" make his license void, was held to have a like meaning. In this case the court said that the effect of a conviction is to deprive the defendant of a valuable right without an opportunity of further trial or investigation, and that by subsequent proceedings in the same court it might finally turn out that the defendant was not guilty.

St. 1896, c. 397, establishes a board of registration in pharmacy, consisting of five persons whose duty it is (§ 5) to examine applicants for registration as pharmacists, and to issue certificates to those who are found qualified. The seventh section provides that the board shall hear all complaints made to them against any registered pharmacist, charging him with certain kinds of misconduct in the business of pharmacy which are in the statute set forth, and especially with a violation of the laws relating to the sale of intoxicating liquor. The eighth section provides that the board " shall notify the person complained against of the charge," and of the time and place of hearing, that the accused may then and there appear with witnesses and be heard by counsel, that three members of the board shall constitute a quorum for the hearing, that "either member" may administer the oath to the witnesses, and that " any person so sworn who wilfully swears or affirms falsely respecting any matter upon which his testimony is required shall be deemed guilty of perjury." The board is also authorized to send for persons and to compel the attendance of witnesses by process duly served. The ninth section provides that if the board find the accused

guilty of the acts charged against him they may suspend or revoke his registration and his certificate, "but the license or certificate of registration of a registered pharmacist shall not be suspended or revoked for a cause punishable by law until after conviction by a court of competent jurisdiction."

From this examination of the material sections of the statute, it appears, that provision is made for a full and fair trial of the complaint; and the plain purpose of the statute is that the hearing before the board shall be independent of any proceeding before any other court or tribunal, and that the decision of the board shall be upon the evidence produced there and not elsewhere. The record of the conviction of the accused by a verdict of a jury is not admissible at the hearing as evidence of his guilt. It is true that proof of his confession in open court of his guilt would be admissible against him at the hearing just as any other admission of guilt made by him would be, wherever made, but not upon the ground that such confession is conviction but that it is an admission. In no way is the judgment of the board upon the question of the guilt of the accused to be affected by the proceedings in another court.

If the board find the accused guilty, the only penalty they can impose is the suspension or revocation of the license or certificate. If the offence is a crime, they must see whether he has been convicted by a court of competent jurisdiction. We are of the opinion that at this stage of the case the accused stands before the board of pharmacy exactly as before the court where his guilt has been established by his plea or by a verdict of a jury. If in that court his case is ripe for sentence, it must be considered as ripe for sentence before the board. It is the intention of the statute to give a pharmacist charged with a crime the right to a trial in the court having jurisdiction of his offence, but if his guilt be there established so that the court may impose sentence according to its powers, then it is sufficiently established for the board of pharmacy to act upon their finding, and to impose the penalty according to their powers. The question whether the convicted pharmacist shall suffer the penalty which it is within the province of the trial court to impose is an entirely different question from that before the board of pharmacy.

It is not difficult to conceive of a case where, so far as respects

the penalty which the court may impose, it would be wise to place the case on file and not to pass any sentence at all, and yet that it would be very unwise and entirely inconsistent with the public interests that the convicted person should be allowed to hold himself out as a registered pharmacist and to perform the important functions of such a position. The problems before the respective tribunals are entirely different, and, the guilt of the accused being established through conviction by plea or verdict in the one and by the finding after a hearing in the other, the accused is subject to such punishment as the respective tribunals may lawfully impose, and the right of either to proceed to judgment is not affected by the fact that the other sees fit to decline to proceed to judgment.

Such an interpretation of the statute gives to the word " conviction " its ordinary legal meaning, preserves to the pharmacist the benefit of a trial before a jury in cases where his offence is criminal, provides for an independent hearing before each tribunal and independent action on the part of each, and leaves to each the power to take appropriate action as to that part of the public and private interests specially committed to its care.

*Petition dismissed.*