## No. 14,206.

### STATE OF LOUISIANA VS. HARRY BARRANGER.

#### SYLLABUS.

##### ON MOTION TO DISMISS THE APPEAL.

The delay for filing the transcript of appeal expired on the second of November, 1901. The transcript was filed on the 8th of November. The transcript of appeal must be filed within ten days after the order has been granted. Failure to file within that time is fatal to the appeal.

Prior to taking out an order of appeal, the delay begins as relates to a defendant from the day the final sentence is passed upon the accused. As relates to the State, it begins to run from the date of final action in the District Court resulting in the dismissal of the prosecution.

The statute provides that time within which to take an appeal begins to run from the date of sentence. The sentence, in so far as the State is concerned, is construed to mean the final action quashing the indictment or in some other way putting an end to the prosecution in the tribunal of the first instance. In either view, the record of appeal was not filed in time.

APPEAL from the Twentieth Judicial District, Parish of Terrebonne.—*Caillouet, J.*

*Walter Guion,* Attorney General, and *W. P. Martin,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellant.

*Winchester & Gagnee,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Bribery is the crime for which the defendant was in-

dicted on the 11th day of October, 1901. The indictment charged that while serving as assistant marshal of the town of Houma, he had unlawfully received the sum of twenty-five dollars as a bribe as an inducement to him to perform the duties of his office with partiality and favor.

A few days after he had been indicted, through his counsel, he interposed a demurrer to the prosecution, on the ground that the "Statutes of 1878 and 1890, defining and punishing the crime of bribery and all other laws on said subject, under which he is prosecuted, have been annulled and repealed by the Constitution of 1898, Article 183."

He interposed a motion to quash, on the ground that the indictment did not disclose under what statute he was being prosecuted; and, furthermore, that the indictment was defective. That the indictment failed to inform him what duty of his office, as assistant marshal, he was charged with having been bribed to perform with partiality and favor. The judge of the District Court overruled the motion to quash, but sustained the demurrer.

The State, on the 23rd day of October, 1901, applied for an appeal from the court's ruling sustaining the demurrer, and seeks to have the dismissal of the case in the District Court recalled and set aside, and the prosecution reinstated. The appeal was granted on the day of the application for an appeal. Before this court the defendant filed a motion to dismiss the appeal.

## ON MOTION TO DISMISS.

The record of appeal was filed in this court on the 8th of November, 1901. Defendant, in his motion to dismiss the appeal, sets out that the delay for the filing of the record of appeal in the Supreme Court elapsed on the 2nd of November, 1901; that appeals in criminal cases are returnable to the appellate court "within ten days from the order of appeal;" and that the statute invoked, viz: Section 2 of Act No. 108 of 1898, is as controlling as relates to the State as it is as relates to the defendant.

The prosecuting officers for the State contend that this act of the Legislature does not limit the time within which the State may appeal; that Act 108 of 1898 as well as Act No. 30 of 1878, of which the former was intended as an amendment, provides solely for appeals

granted to the accused in criminal cases, and in no way affects the State. This contention on the part of the State is based upon the fact that Section 1 of Act No. 30 of 1878, sets out that the motion for appeal (except in the first judicial district) must be filed during the term at which sentence shall have been pronounced, and in the first judicial district within ten days *after sentence*. Section 4 makes appeals returnable to this court within ten days after granting the order of appeal. And in this connection it is pointed out that the amending act, No. 108 of 1898, Section 1, provides for appeals to this court in criminal cases "within three days after the sentence shall have been pronounced," and all such appeals shall be returnable within ten days from the date of the order of appeal.

The State presses upon our attention that these two acts relate exclusively to appeals taken by the accused, and not by the State, for the reason that both of them fix the delays within which to appeal *after sentence;* that all appeals must be taken after sentence. From this, the prosecuting officers urge that there is no case imaginable in which the State may appeal after sentence of the defendant, or where she would have an interest to appeal after sentence; and that, inasmuch as the acts cited above provide only for appeals in criminal cases, after sentence, it follows that it was intended to provide for appeals granted to the accused, and not to appeals granted to the State.

To the suggestion that the State is not entitled to an appeal, unless the authority is to be found in the Acts of 1878 and 1898, the State assumes that her right of appeal is guaranteed by the Constitution, and that no act of the Legislature, as in the case of a defendant, has provided a delay within which the State must apply for an appeal in criminal cases, or within which the same, when granted, should be filed in the appellate court.

We are unable to concur in these views. We have not found it possible to arrive at the conclusion that the State has, as to time, an unlimited right of appeal; although we are not, in the least, inclined by construction to curtail the State's right to be heard on appeal.

True, as contended on the part of the State, that her right of appeal is granted by the Constitution, but we think that a time has been fixed within which appeals by the State in such cases should be applied for and filed in the Supreme Court.

We take up in the first place, for our decision, the question of time within which the record should be filed, after the order of appeal has

been granted. It does not, in our view, admit of any question that the record must be filed within ten days. The language of the act is quite plain, "within ten days after granting the order of appeal." We have seen that the order of appeal was granted on the 23rd of October, and the record was only filed on the 8th of November. We have seen, also, that the statute fixes a time within which the appeal must be brought up after the order of appeal has been signed. This, we think, disposes of the issues presented by the State, for obviously, the appeal was clearly not within this limit after the order of appeal had been granted.

But, it is insisted, that appeals are provided for only after sentence, and that as there is no case in which the State may appeal after sentence, the delays fixed by the Legislature, after the order of appeal has been granted, has no application. The appeal is to be moved for in open court during the term at which the accused was found guilty or the prosecution was dismissed for informality found by the district judge. This provision embraces both the delay for appeal by defendant and the State.

Granted that the words "after sentence" of the statute can have no application to the State, we have discovered no good reason why she should not be held under the terms of the law to take her appeal in open court before the court's term has reached its close. As to that matter, it does appear to us that after final sentence dismissing the prosecution in the District Court the delay for taking the appeal begins to run as to the State as it begins to run after sentence, another final action as it relates to the defendant. The word "sentence" as relates to the State may have a broader meaning than it usually has. *Sentenia* is translated by Wainsworth in his Latin Dictionary, "judgment." Sohm, in his book, entitled "Institutes of the Roman Law," in several passages of the work, refers to "sentence" as synonymous with "judgment." Bouvier defines *sentence*: A judgment or final declaration made by a judge in a case." Under the definitions the State has no good cause of complaint.

We have not found it possible, from our point of view, to sustain the appeal.

It is, therefore, ordered, adjudged, and decreed, that the appeal taken in this case is dismissed.