## STATE v. JOHN STICKNEY.[1]

May 31, 1912.

Nos. 17,568—(6).

**Criminal law — enticement for purpose of prostitution — indictment.**

Defendant was indicted for inducing, enticing, and procuring in Minneapolis, Minnesota, a female to enter a house of ill fame in Wausau, Wisconsin. It is *held:*

1. The indictment is sufficiently direct and certain as to the offense charged, and informs defendant of the nature and cause of the accusation against him.

2. Where the acts of defendant, constituting the inducing, enticing, and procuring, are committed in this state, and the female as a consequence of such acts enters a house of ill fame in Wisconsin, the crime is committed in this state, and its courts have jurisdiction. Where, however, the female, though induced, enticed, and procured to enter such house, does not enter the same because of police interference, and not by reason of any acts of defendant, defendant is not guilty of the crime charged, but is guilty of an attempt to commit such crime.

3. The indictment is not defective as being repugnant.

John J. Stickney was indicted by the grand jury of Hennepin county of the crime of enticing a person named to enter a house of prostitution. The defendant demurred to the indictment. The demurrer was overruled by Jelley, J., who, at the request of the defendant, certified to this court the questions of law enumerated in the opinion. Affirmed.

*Armstrong & Nash,* for appellant.

[1] Reported in 136 N. W. 419.

*Lyndon. A. Smith,* Attorney General, *James Robertson,* County Attorney, and *Erland Lind,* Assistant County Attorney, for the State.

BUNN, J.

Defendant demurred to an indictment found against him by the grand jury of Hennepin county. The trial court overruled the demurrer, and certified the case to this court. The questions certified for our opinion are as follows:

1. Do the facts stated in said indictment constitute a public offense?

2. Is the indictment direct, positive, and certain as it regards (a) the offense charged therein; (b) the particular circumstances of the offense charged?

3. Does the said indictment inform the defendant of the nature and cause of the accusation against him?

4. Is said indictment sufficiently definite and certain as to apprise the defendant of the offense with which he is charged and to afford him an opportunity to make and prepare his defense?

5. Does said indictment state sufficiently the particular circumstances of the offense charged, so that a verdict of guilty or an acquittal upon a prosecution under said indictment could be pleaded as a bar to a subsequent prosecution of the same charge attempted in said indictment to be stated?

6. Do the facts alleged in the indictment constitute a crime committed within the jurisdiction of this court?

The indictment, omitting the charging portion, was as follows: "That said John J. Stickney on the 20th day of February, A. D. 1911, at the city of Minneapolis, in said Hennepin county, Minnesota, then and there being, did wilfully, unlawfully, wrongfully, knowingly, and feloniously induce, entice, and procure one Myrl Zesbaugh to enter a house of ill fame, assignation, and prostitution, run and operated by a woman by the name of Blake, at Wausau, state of Wisconsin, the said Myrl Zesbaugh being a female person and being then in the city of Minneapolis, county of Hennepin, and

118 M.—5.

state of Minnesota, the full name of said Blake woman being to the grand jury unknown, and a more particular description of said Wausau and of the location thereof being to the grand jury unknown, and a more particular description of said house of ill fame, assignation, and prostitution and of the location thereof being to the grand jury unknown, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

We answer each question in the affirmative. It is unnecessary to discuss each in detail, but we will treat the case as involving the three questions argued by counsel.

1. It is claimed that the indictment does not conform to our statutes, requiring that it be direct and certain as to the offense charged, or to the constitutional provision requiring that the defendant be informed of the nature and cause of the accusation against him. The indictment is drawn to allege a violation of chapter 404, p. 484, Laws 1909 [R. L. Supp. 1909, §§ 4930–1, 4930–2], providing that "it shall be unlawful for any person to induce, entice or procure, or attempt to induce, entice or procure  *  *  *  any female person in this state to enter any house of ill fame, assignation or prostitution." The point that it is uncertain is based upon the failure to allege whether Wausau, Wisconsin, is a city, village, town, or county, and the failure to allege the exact location of the house of ill fame in Wausau. We do not sustain this point.

We hold that the indictment was sufficiently definite and certain in its description of the location and proprietor of the house, and sufficiently informed defendant of the nature and cause of the accusation against him. He was given information sufficient to enable him to prepare his defense, and the offense was stated with "such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case." R. L. 1905, § 5305, subd. 7. Defendant could avail himself of an acquittal or conviction in bar of a subsequent prosecution for the same offense.

2. The second contention of defendant is that, if any crime at all is charged in the indictment, it appears therefrom that it was com-

mitted in Wisconsin, and therefore not within the jurisdiction of the courts of this state. If the premises are correct, the conclusion would follow. Therefore the question is: Was the crime charged committed in this state under the allegations of the indictment? The charge is that defendant, at Minneapolis, Minnesota, induced, enticed, and procured Myrl Zesbaugh to enter a house of ill fame in Wausau, Wisconsin. The gist of the offense is, not the actual entry into the house of ill fame, but the doing of the acts and speaking of the words that induce or entice the female to enter the house. It is true, in our opinion, that the crime is not complete until the female actually enters the house of ill fame; but where the subject is enticed and persuaded by defendant, and fails by reason of the interference of the police, to actually enter the evil resort, it is not because defendant has not done all he could, and it cannot be said that defendant is innocent of any crime.

We think, however, that if it appeared that the female did not in fact enter the house, though induced, enticed, and persuaded to do so by defendant, there could not be a conviction of the crime charged in the indictment, but that he would be guilty of an attempt to commit that crime. If, however, the female, in consequence of the enticements and persuasions within this state of defendant, does actually enter a house of ill fame situated in another state, we hold that the crime is committed within this state, and that its courts have jurisdiction. The gist of the offense is the inducing, enticing, and persuading. The actual entry is the result of defendant's acts, rather than any part of his acts.

The case is analogous to a murder case, where the act causing the death is done in this state, but the death occurs in another state. It is settled law in such a case that the offense is committed in this state. State v. Gessert, 21 Minn. 369.

In a prosecution under this statute, as in the murder case, the acts of defendant constituting his offense were done in Minnesota. The entry into the house of ill fame in Wisconsin, though it goes to characterize the acts of defendant in Minnesota, is not itself an act of defendant committed in Wisconsin, but rather a consequence of his acts committed in Minnesota. The statute defining the offense

makes no reference to the location of the house of ill fame, and we construe it as intended to cover inducements in this state to persuade a female to enter a house of ill fame, whether such house is within or without the borders of this state. Any other construction, or the conclusion that the courts of this state have no jurisdiction when a female is induced here to enter a house in Wisconsin, would enable one guilty of this detestable offense to escape punishment altogether, whenever his resort was located outside the borders of the state.

We hold, therefore, that the indictment charges an offense committed in this state. If there was an entry of the enticed female into the Wisconsin den, the crime was complete. If in fact the female did not actually enter the resort, owing to the interference of the police, we hold that defendant could be convicted under this indictment of an attempt to commit the crime charged.

3. Defendant's third contention, that the indictment is defective on the ground of repugnancy, is without merit.

Order affirmed.