[Crim. No. 332.   Second Appellate District.—May 20, 1914.]

In the Matter of HELEN FOWLER, a Dependent Person.
ALICE P. FOWLER, Appellant.

JUVENILE COURT LAW—COMMITMENT OF DEPENDENT—APPEAL—WHETHER PROVIDED BY STATUTE.—The Juvenile Court Law of 1909 as amended in 1911 (Stats. 1909, p. 213; 1911, p. 658) contains no provision for appeal from an order sending a dependent child to a school at the mother's expense; but section 30 of the Juvenile Court Law of 1913 (Stats. 1913, p. 1304) provides that an appeal may be had to the district court of appeal, and further provides the mode and manner of authenticating the record to be reviewed.

ID.—APPEAL FROM ORDER OF JUVENILE COURT—AUTHENTICATION OF BILL OF EXCEPTIONS.—An appeal from an order declaring a child to be a dependent person and sending it to a school at the mother's expense, under the Juvenile Court Law, taken on a bill of exceptions which is not signed by the judge, will be dismissed, although the clerk certifies that the engrossment is correct and that the bill has been "regularly settled and allowed by the judge."

ID.—CLERK OF COURT—POWER TO AUTHENTICATE BILL OF EXCEPTIONS.— There is no law which permits a bill of exceptions to be authenticated merely by the clerk of the court certifying that the judge has duly settled and allowed it.

APPEAL from an order of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

A. J. Copp, Jr., for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

SHAW, J.—From such record as is presented, it appears that on November 25, 1912, Alice P. Fowler filed in the superior court a petition alleging that her daughter, Helen Fowler, 13 years of age, was a dependent person within the meaning of the act of the legislature entitled, "An act concerning dependent and delinquent minor children," etc., approved March 8, 1909, and amended April 5, 1911.

24 Cal. App.—34

At the hearing of the matter on December 1, 1913, the court made an order as follows: "December 1. Hearing; declared dependent; continued one week; remain in Juvenile Hall until further order." And later made the following order: "December 8. Remain in Juvenile Hall one week." Thereafter the court made an order as follows: "December 15. Hearing. To go to Montecito and board and go to public school at $25 per month at mother's expense; or, if mother arranges, she may go to Miss Orton's Pasadena School at mother's expense." The appeal prosecuted by Alice P. Fowler purports to be from this last order. The proceedings under which Helen was declared a dependent person were had and taken, as appears from a copy of the petition, pursuant to the provisions of the Juvenile Act of 1909, as amended in 1911. These acts contain no provision for appeal from an order of the character here involved. Section 30 of the Juvenile Court Law of 1913 (Stats. 1913, p. 1304), provides that an appeal may be had to the district court of appeal, and further provides the mode and manner of authenticating the record to be reviewed. By said section it is made the duty of the judge to find the facts of the case in the form of a special finding, and in case the sufficiency of the evidence to warrant the findings is questioned, the same shall be incorporated in a bill of exceptions prepared by the appellant, and the opposite party may propose amendments to such bill, which, after settlement by the judge, shall be engrossed and a copy thereof served upon the opposite party and the attorney-general, and the original thereof, together with proof of service, filed with the clerk of the juvenile court, "who shall immediately transmit the same to the court to which the appeal is taken, with his certificate that such bill of exceptions is correctly engrossed." Section 650 of the Code of Civil Procedure, relating to the settlement of bills of exception, provides that when settled the bill must be signed by the judge. While in the case at bar the clerk certifies that the bill of exceptions presented is correctly engrossed, there is nothing showing that it was ever settled, allowed, or signed by the judge who tried the case. True, the clerk further certifies that it was *"regularly settled and allowed by the judge,"* but we know of no law which permits a bill of exceptions to be authenticated merely by the clerk of the court certifying that the judge has duly settled

and allowed it. Neither under the act in accordance with which the procedure purports to have been taken, nor under the act of 1913, is there any record presented authenticated in a manner which entitles appellant to a review of the question presented. It is, therefore, unnecessary to discuss the validity of the act of 1913. Suffice it to say that the record presented, even were it properly authenticated, fails to present any facts upon which appellant bases her contention that the law was not passed by the legislature.

While the appeal, for the reasons given, must be dismissed, it may not be improper to call attention to the fact that the order is unintelligible and uncertain in meaning to a degree that would render it difficult of enforcement, and suggest that if the law and facts warrant the court in so doing, it should make such further order or orders with reference to the care and custody of the child and payment by appellant for services rendered it, so as to remove any doubt as to the intent and meaning of the order, as well as specify the time during which it shall continue.

The appeal is dismissed.

Conrey, P. J., and James, J., concurred.