173 So. 137

**STATE v. CLARK.**

No. 34194.

Feb. 1, 1937.

Rehearing Denied March 1, 1937.

Charles W. Kehl, of New Orleans, for relator.

F. B. Freeland, of New Orleans, for respondent.

PONDER, Justice.

In this case, the juvenile, Paul Clark, was sentenced in the juvenile court for the parish of Orleans for delinquency, for violating Act No. 126 of 1921 (Ex.Sess.), in that he "broke and entered" a house with intent to steal. After due proceeding, he was sentenced to pay a fine of $50 and serve three months in the parish prison. Through his counsel he applied for suspensive appeal which was refused. The judge of the juvenile court offered to grant an appeal in conformity with section 96 of article 7 of the Constitution of 1921. The juvenile through his counsel applied for writs to the criminal district court of the parish of Orleans, Appellate Division 2, which were granted and rule nisi issued. The said criminal district court ordered the juvenile court to grant the juvenile bail during pendency of the appeal which is a suspensive appeal. Thereupon writs were applied for to this court; they were granted and a rule nisi issued; and the matter has been submitted for determination. The sole question presented is whether or not a suspensive appeal will lie from a judgment or sentence of the juvenile court for the parish of Orleans. In reply to petition of relator, the judges of the criminal district court, Appellate Division 2, in their answer contend that section 12 of the Bill of Rights of the Constitution of 1921 (article 1), providing "all persons save those specifically excepted shall be bailable by sufficient sureties pending appeal until final judgment," should prevail over section 96 of article 7 of the Constitution. They are of the opinion that it could be harmonized with sec-

tion 96 and each given a reasonable interpretation and that these constitutional provisions may be construed together so as to mean that appeals from judgments of the juvenile court ordering the payment of money shall be devolutive, and that appeals of sentences of imprisonment shall be with the benefit of bail during their pendency.

Section 96 is a special law, creating a special court, in a special locality, providing special proceedings, and a special mode of appeal. Section 12 of the Bill of Rights is a general law and applies to the state as a whole. The courts have held that where the constitutional provision is plain and unambiguous, construction is excluded and no search for purpose and intention can be initiated. State v. Skeggs, 154 Ala. 249, 46 So. 268; State ex rel. Smith v. Elba Bank & Trust Co., 18 Ala. App. 253, 91 So. 917.

In the construction of the Constitution, courts have nothing to do with the argument of inconvenience or injustice, it being their duty to simply declare what the Constitution provides. State v. Butler, 70 Fla. 102, 69 So. 771; People v. May, 9 Colo. 80, 10 P. 641; Oakley v. Aspinwall, 3 N.Y. 547; Greencastle Township v. Black, 5 Ind. 557; County of Wayne v. City of Detroit, 17 Mich. 390.

Constitutional provisions are more particularly drawn and there is more care used in expressions therein than is used in legislative acts. As it is the organic law of the state, it is carefully drawn, and when it states "but said appeals shall not suspend the judgment of said court," we are of the opinion that they intended that there should

be no suspensive appeal. In Act No. 83 of 1908, a Juvenile Act, appeals were allowed on questions of law only. Section 54 of article 7, Const.—that has to do with parishes other than Orleans—provides for appeals to the Supreme Court only on questions of law which is identical with the Act No. 83 of 1908 showing that they had this act in mind and studied same at the time they framed the Constitution. In section 96 of article 7 we find that appeals are granted to the criminal district courts, but that they shall not suspend the judgment of the juvenile court, and further provisions for writs of certiorari and review to the Supreme Court, which, in our opinion, shows this matter had been carefully studied and these writs were provided to maintain uniformity in the jurisprudence. If the words used "but said appeals shall not suspend the judgment of said court" had been ambiguous, we believe that the fact that careful provision had been made to maintain uniformity in the jurisprudence would show clearly that the intention of the makers of the Constitution was not to grant a suspensive appeal in the juvenile court of the parish of Orleans. We do not believe that it is necessary to inquire into the intention where the words are so plain as they are here.

It has repeatedly been held that right of appeal is a matter of legislative discretion, and in the absence of a statute so providing, there is no appeal from judgments. In some jurisdictions, by force of statute, appeals are allowed, sometimes on questions of law only and not on question of fact. In re Fowler, 24 Cal.App. 529, 141 P. 1053; People v. Piccolo, 275 Ill. 453, 114 N.E. 145; Van Leuven v. Ingham Circuit Judge, 166 Mich. 115, 131 N.W. 531; Klopner v. State, 80 Tex.Cr.R. 232, 189 S.W. 268.

In section 96 of said article 7, it is stated that "appeals shall not suspend the judgment of said court."

It would be unnecessary for us to go into the question as to whether a charge of delinquency under the juvenile law is a criminal charge since the word "judgment" is synonymous with the word "sentence." State v. Moise, 48 La.Ann. 109, 18 So. 943; State v. Barranger, 106 La. 352, 31 So. 13; State v. Barnes, 24 Fla. 153, 4 So. 560; Munkley v. Hoyt, 179 Mass. 108, 60 N.E. 413; Peoples v. Adams, 95 Mich. 541, 55 N. W. 461; People v. Bork, 78 N.Y. 346; In re Friedrich (C.C.) 51 F. 747; State v. Stickney, 118 Minn. 64, 136 N.W. 419.

Section 96 of said article 7 is a special provision in the Constitution, creating a special court, for a special locality, and provides special procedure, and it would prevail over section 12 of the Bill of Rights which is a general law that applies over the whole state.

One of the latest decisions in this state on this question is the case of Kearns et al. v. City of New Orleans (La.App.) 160 So. 470, where it is thoroughly covered and many authorities cited. The Kearns Case held that a special law would prevail over a general law on same subject-matter in particular locality or in particular matter to which special law applies.

We are of the opinion that there is no suspensive appeal from a judgment of the juvenile court of the parish of Orleans.

For the reasons assigned, it is now ordered that peremptory writs of mandamus and prohibition issue directed to Frank T. Echezabal, judge, and J. Arthur Charbonnet, judge, Appellate Division 2, criminal district court, parish of Orleans, commanding them to revoke and set aside the order rendered by them on December 1, 1936, in the suit State ex rel. Paul Clark v. Hon. Fred W. Oser, Judge, et al., No. 86,700, criminal district court, parish of Orleans, Appellate Division 2, wherein they granted writs ordering the said judge of the juvenile court to grant bail during the pendency of said appeal and the writs therein issued are hereby recalled.