PONDER, Justice.
 

 Charles Franklin, the sixteen year old son of Mary Franklin, was charged in the Juvenile Court for the Parish of Orleans with delinquency in that he, on the 30th day of November, 1942, with a dangerous weapon, to-wit: a knife, did stab and wound one Jimmie Cry, 15 years of age.. He was arrested and placed by order of the Judge of the Juvenile Court in the Milne Municipal Colored Boys’ Home pending •trial. His case was set for trial for December 18, 1942. The trial was continued because of the illness of the Judge of the Juvenile Court and reset for trial for January 15, 1943. On December 18, 1942, the day the trial was continued, the attorney for the juvenile made application to have •the juvenile released on bond pending trial. The Judge of the Juvenile Court refused to grant bond. Mary Franklin, the mother of the juvenile, sought by habeas corpus proceedings in the Criminal District Court for the Parish of Orleans to secure the release of the juvenile which was denied. She then applied to Appellate Division No. 2 of the Criminal District Court for the Parish of Orleans for an alternative writ of mandamus which was refused on the ground that the court was without jurisdiction. She thereupon applied to this court for the writ of mandamus, seeking an order commanding the Judge of the Juvenile Court to release the juvenile on bond pending trial. The writ was granted, and a rule nisi issued. The matter is now submitted for our determination.
 

 The relator contends that the right to bail is a constitutional right, citing Article I, Section 12, of the Constitution of 1921. She takes the position that if Section 5 of Act No. 126 for the year 1921, Ex.Sess., is construed so as to deny the right of bail that such provision of the Act is unconstitutional in that it violates Article I, Section 12, of the Constitution.
 

 The respondent judge takes the position that Act No. 126 of 1921, Ex.Sess., is an enabling act passed to put Section 96 of Article VII of the Constitution of 1921 into effect, thereby creating constitutionally the juvenile court for a special locality for which a special procedure has been created. The respondent judge cites State v. Clark, 186 La. 655, 173 So. 137, in support of this position.
 

 It is conceded that all persons are bailable by sufficient sureties except those charged with capital offenses and those who have already been convicted where a minimum sentence of more than five years at hard labor has been actually imposed. However, the respondent contends that this article of the Constitution does not apply to minors under the age of seventeen who are charged and tried in the Juvenile Court.
 

 Section 5 of Act No. 126 of 1921, Ex. Sess., provides as follows: “Pending the trial, the Court may permit the child to
 
 *444
 
 remain in the possession of the person having the custody of said child, or may place it in the custody of any person, association, or institution deemed proper in the judgment of the Court. The Court may require a bond from such person for the appearance of the child; and upon the custodian’s failure to produce said child when directed to do so, the Court may, in addition to declaring the bond forfeited, punish said person as in case of contempt. Such bond shall be received by the Clerk of Court.”
 

 Under the provisions of Article VII, Section 96, of the Constitution of-1921, the Legislature had the authority to fix the jurisdiction of the Juvenile Court for the Parish of Orleans and the manner of procedure therein. However, this provision of the Constitution does not contain any language indicating that it was ever the intention of the framers of the Constitution to abrogate the constitutional right to bail pending trial.
 

 We are presented with an entirely different situation than that presented in the case of State v. Clark, supra. In the Clark case, we held that a juvenile was not entitled to bail pending an appeal for the reason that a special provision of the Constitution, Article VII, Section 96, of the Constitution of 1921, providing that appeal from the Juvenile Court shall not suspend the judgment of such court, prevails over the general provision in the Constitution granting the right of bail to those who have been convicted where a minimum sentence of less than' five years has been actually imposed. In other words, we held that a special provision of the Constitution providing for a special mode of appeal in a special locality prevails over a general provision of the Constitution.
 

 If Section 5 of Act No. 126 of 1921, Ex.Sess., is construed in such a manner as to conflict with Article I, Section 12, of the Constitution, this provision of the Act would be clearly unconstitutional. It is axiomatic that the Constitution must prevail over an act of the Legislature which conflicts with it. If possible the act should be construed so as not to conflict with the Constitution. As we take it, this provision of the Act, Section 5 of Act No. 126 of 1921, Ex.Sess., is merely intended to secure the attendance of the juvenile at his trial and does not in any manner prohibit bail pending trial.
 

 Moreover, tribunals of this nature were established with the view of showing more consideration to the juvenile and were not designed to .deprive him of any of his constitutional rights. A finding of delinquency usually demonstrates the necessity for making a change in the custody of the child, but prior to such finding, he is entitled to his constitutional right to bail.
 

 For the reasons assigned, the rule is made absolute. It is ordered that the writ of mandamus issue to Anna Judge Veters Levy, Judge of the Juvenile Court for the Parish Of Orleans, commanding her to fix an amount of bail for Charles Franklin, to receive a bond for bill when so fixed and to release Charles Franklin under such bond pending trial.