383 So.2d 354 (1980)
The BANK OF NEW ORLEANS AND TRUST COMPANY
v.
Bushnell C. SEAVEY.
No. 65872.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*355 C. Ellis Henican, Jr., Albert F. Widmer, Jr., Henican, James & Cleveland, New Orleans, for defendant-applicant.
J. David Forsyth, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for plaintiff-respondent.
MARCUS, Justice.[*]
The Bank of New Orleans and Trust Company instituted this action against Bushnell C. Seavey to recover the balance due on a promissory note executed by defendant and held by plaintiff. Defendant filed a declinatory exception of lis pendens[1] alleging that another suit was pending in the federal district court on the same cause of action, between the same parties in the same capacities, and having the same object.[2]
After a hearing, the district court sustained the exception and stayed these proceedings pending the outcome of the suit in the federal court. Plaintiff applied for *356 writs to the court of appeal under its supervisory jurisdiction. Without oral argument, the court of appeal reversed the judgment of the district court, overruled the exception of lis pendens, and remanded the case to the district court for further proceedings in accordance with law.[3] The panel that reversed the judgment of the district court was composed of three judges with one judge dissenting. Defendant's application for reargument before a panel of at least five judges pursuant to La.Const. art. 5 § 8(B) and/or rehearing was denied with the same judge dissenting from the denial of the application for rehearing but concurring in the denial of the application for reargument before a five-judge panel.[4]
Upon defendant's application, we granted certiorari to review the correctness of (1) the court of appeal's decision not to permit reargument of the case before a panel of at least five judges and (2) its decision overruling defendant's exception of lis pendens.[5] Finding merit in the first contention, we must reverse and remand to the court of appeal. Hence, we do not reach the merits of the issue raised in the second contention.
La.Const. art. 5 § 8(B), under the heading "Courts of Appeal," provides:
Judgments. A majority of the judges sitting in a case must concur to render judgment. However, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment. [Emphasis added.]
The court of appeal in denying defendant's application for reargument stated that it considered that the above provision does not apply to a judgment rendered by a court of appeal under its supervisory jurisdiction as in the instant case. In addition, after reviewing the constitutional debate on the reargument question,[6] it concluded that the delegates were concerned "with reversals on facts and there are no factual matters involved here."[7]
It is fundamental that when a constitutional provision is plain and unambiguous, its language must be given effect. City of Baton Rouge v. Short, 345 So.2d 37 (La.1977); State v. Clark, 186 La. 655, 173 So. 137 (1937). The language in art. 5, § 8(B), even though broad in scope, is clear and explicit. Hence, it is not subject to construction and should be applied according to the most usual signification in which the words are generally understood. State v. Bradford, 242 La. 1095, 141 So.2d 378 (1962); State v. Clark, supra; Orleans Parish School Board v. Murphy, 156 La. 925, 101 So. 268 (1924).
La.Const. art. 5, § 8(B) used the term "judgment." A judgment is defined in La.Code Civ.P. art. 1841 as "the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final." Because it determines the rights of the parties and awards relief, it necessarily encompasses both legal and factual determinations. Also, by its express definition, it includes both interlocutory and final determinations. Accordingly, we consider that "judgment" in art. 5 § 8(B) includes all judgments of district courts whether final or interlocutory and whether related to law or to facts.
*357 Additionally, we find nothing in art. 5, § 8(B) to limit its application to modifications or reversals of district court judgments under the appellate jurisdiction of the courts of appeal. It is equally applicable to modifications and reversals of district court judgments under their supervisory jurisdiction. The language "to be modified or reversed" is broad and bears no limitations. If the framers of the constitution had intended that reargument be limited to cases involving judgments rendered under a court of appeal's appellate jurisdiction rather than its supervisory jurisdiction, it would have been easy to thus provide by appropriate language. Indeed, the very fact that the language used is of a broad scope must be considered by us as a cogent reason for not restricting the meaning of the law to categories not plainly indicated by the lawmaker. State v. Bradford, supra. Hence, we consider art. 5, § 8(B) to apply to modifications or reversals of district court judgments under both the appellate and supervisory jurisdictions of the courts of appeal.
In sum, we interpret art. 5, § 8(B) as follows:
[W]hen a judgment of a district court [whether final or interlocutory and whether relating to law or facts] is to be modified or reversed and one judge dissents [whether under its appellate or supervisory jurisdiction], the case shall be reargued before a panel of at least five judges prior to rendition of judgment....
In the instant case, a three-man panel of the court of appeal reversed a judgment of the district court with one judge dissenting. Hence, under the terms of La. Const. art. 5, § 8(B), the judgment of the court of appeal should not have been rendered. Rather, the case should have been "reargued before a panel of at least five judges prior to rendition of judgment." Thus, we must reverse the judgment of the court of appeal and remand the case for reargument "before a panel of at least five judges prior to rendition of judgment."

DECREE
Judgment of the court of appeal is reversed and set aside; the case is remanded to the court of appeal for reargument before a panel of at least five judges prior to rendition of judgment.
NOTES
[*] The Honorable EDWARD A. de la HOUSSAYE III participated in this decision as an Associate Justice Ad Hoc.
[1] See La. Code Civ.P. art. 925.
[2] See id. art. 532.
[3] 374 So.2d 696 (La.App. 4th Cir. 1979).
[4] Id. at 698.
[5] 377 So.2d 118 (La.1979).
[6] 6 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts 756-60 (1977).
[7] We have reviewed the transcript of the debate on art. 5, § 8(B). It relates only to whether the delegates intended the provision to apply to factual determinations and does not relate to whether they intended it to apply only to final judgments or cases before the court of appeal under its appellate jurisdiction. In any event, where the language of a constitutional provision is clear, as is the case here, we cannot decide constitutional questions on the basis of the drafters' debate, but must rely on the finished product, which is the expression of the voters who adopted the constitution.