Dear Mr. Miller and Ms. Morris:
We have received a request for an opinion from both of you which addresses the same subject matter: the authority to reapportion the justice of the peace and constable districts. Therefore, we will address all of your questions in one opinion.
The questions your requests pose are as follows:
 1. Because the St. Charles Parish Council is a home rule charter form of government, do they have special rights and privileges to:
 (1) Adopt a reapportionment plan for the six (6) parish justices of the peace and constables?
 (2) Create a seventh justice of the peace and constable district to coincide with council and school board districts?
 2. Can a reapportionment plan for justices of the peace and constables, which was created by a local governing authority, rather than by legislative act, and which received approval by the United States Department of Justice, be implemented for purposes of conducting elections this fall?
 3. If local reapportionment plans for justices of the peace and constables cannot be implemented, should the Secretary of State's office conduct elections for justices of the peace and constables this fall and if so, from which districts?
 QUESTION NO. 1
As you are aware, the Attorney General issued opinion number 91-297 which stated:
 "Therefore, it would appear that by virtue of Louisiana State Constitution of 1974, Article V, Section 20, and the case cited above, the Louisiana State Legislature, alone, has the authority to reapportion justice of the peace and constable districts." (Emphasis added.)
However, the question remains whether a home rule charter form of government has special powers and rights that override this constitutional provision. We believe the answer is no.
LSA-Const. Art. V, § 20 (1974) provides:
 "Section 20. Mayors' courts and justice of the peace courts existing on the effective date of this constitution are continued, subject to change by law."
When a constitutional provision is plain and unambiguous its language must be given effect. C.C.P. art. 9. LeBlanc v.Altobello, 497 So.2d 1373 (La. 1986); Aguillard v.Treen, 440 So.2d 704 (La. 1983); The Bank of NewOrleans and Trust Company v. Seavey, 383 So.2d 354 (La. 1980). In LeBlanc the Supreme Court found that "the legislature is specifically given the authority to make changes relative to justice of the peace courts", including such changes as abolishment, merger, rearrangement or reapportionment.Id. at 1375.
Although we find this language to be clear and unambiguous, we reviewed the debates of the constitutional convention of 1973 for a better understanding of the language "subject to change by law". Again, we found clear and convincing language in the constitutional debates which leads us to conclude that only a legislative act can change, reapportion, merge, abolish, etc., a justice of the peace court.
At the beginning of the debates on this article, former Louisiana Supreme Court Justice, Delegate Dennis (now Judge of the U.S. Fifth Circuit Court of Appeals) read the article as cited above and stated that it was the committee's proposal. Then, Delegate Dennis stated that he thought the article needed to read as it did in the 1921 constitution, so he proposed an amendment to provide for the police jury of any parish of the state, Orleans excepted, to have the authority to divide the court into not more than six nor fewer than three justice of the peace wards, and to continue to allow the legislature to reduce such number or abolish the offices. The convention members debated the amendment, and when Delegate Fontenot argued that the amendment provided for the same thing as the committee proposal, Delegate Perez rose to explain to the convention members exactly what the committee proposal provided and what the 1921 constitution provided, stating:
MR. PEREZ
 Madame Chairman and delegates, in fairness to Judge Dennis, I would like to explain to you what the present posture of the law is with respect to justices of the peace, so that you will understand what you are voting on. The proposed section provides the justices of the peace courts existing at the time of the adoption of the constitution are continued, subject to change by the legislature. Now the present law, under the present constitution, it provides that when the local governing authority determines that it wants to change the boundaries of wards, that it may do so. And that there shall be one justice of the peace for each ward in the parish. Now the problem we are getting into is that we will effectively be changing the law so that instead of the local government providing for a justice of the peace for each ward in the parish, it would require that whenever any particular local government wanted to they would have to go to the legislature and get an act. . . So again, if you leave the section as it is, you will substantially be changing the law and require the local government to go to the legislature to get an act passed to change the number of the justices of the peace. Whereas, with the provisions submitted by Judge Dennis, it could be done on a local level by local government. That's the difference between the two." Records of the Louisiana Constitutional Convention of 1973: Verbatim Transcripts, Thirtieth thru Thirty-Second Day's Proceedings, August 15, 1973 thru August 17, 1973, Volume IX, pp. 98-99. (Emphasis added.)
The amendment was rejected by a vote of 100 nays to only 7 yeas, and the Section as it reads today was thereafter adopted by a vote of 106 yeas to 3 nays.
The 1974 Louisiana Constitution provides for the powers of local government in Article 6. The Louisiana Supreme Court inCity of New Orleans, v. Board of Commissioners of the OrleansLevee District, 93-0690 (La. 7/5/94), 640 So.2d 237, 244, discussed the difference of power for a home rule charter in existence before the 1974 Constitution and one created after the 1974 Constitution, as follows:
 Accordingly, Article VI, § 4 limits a preexisting home rule charter's grant of the power of initiation only by providing that the local government may not exercise that power inconsistently with the 1974 constitution. In contrast, a local governmental subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution is authorized to exercise such powers only when "necessary, requisite, or proper for the management of its affairs." La. Const. 1974, Art. VI, §§ 5(E), 7. In this respect, therefore, a preexisting home rule city or parish potentially enjoys the power to initiate legislation to a greater degree than other local governmental subdivisions.
And, at page 246, the Court concluded:
 Likewise, the drafting history of the local government article as reflected by the transcripts of the constitutional convention debates clearly reflects that the delegates intended to confer a greater degree of immunity upon preexisting home rule cities and parishes than upon local governmental subdivisions that acquired home rule powers subsequent to the adoption of the 1974 constitution.
The St. Charles Parish Home Rule Charter was adopted after the 1974 Constitution, and therefore, is authorized to exercise such powers only when necessary, requisite, or proper for the management of its affairs, subject to and not inconsistent with the constitution. In other words, it's powers maybe limited by the constitution, by law permitted by the constitution, or by its own home rule charter. City of New Orleans, supra.; Konrad v.Jefferson Parish Council, 520 So.2d 393, 396 (La. 1988);Francis v. Morial, 455 So.2d 1168 (La. 1984).
It is our opinion that one such limitation of the power of a home rule form of government is the reapportionment of justice of the peace courts, based on Article 5, Section 20 and Article 6, Section 25, as such action would be in conflict with the 1974 Constitution. LSA-Const. Art. 5, § 20 (1974) is quoted above, and LSA-Const. Art. 6, § 25 (1974) provides:
 Section 25. Notwithstanding any provision of this Article, courts and their officers may be established or affected only as provided in Article V of this constitution.
 See also, Twenty-First Judicial District Court v.State, 563 So.2d 1185 (La. 1st Cir. 1990) wherein the court noted that Article 6, Section 25 of the Constitution (1974) was intended as a limitation on Article 6 of the Constitution which pertains to local government.
We have received some concern from the St. Charles Parish Council about the cost of conducting elections for justices of the peace and constables wherein there are precincts with less than 300 voters and the law requires the council to pay the full cost of the election for any precinct with less than 300 voters. The council argues that such a law is contrary to the constitutional provision which prohibits the increasing of the financial burdens of political subdivisions. LSA-Const. Art. 6, § 14 (1974).
LSA-R.S. 18:532 (B)(4) was enacted by Act 552 of 1995 to provide for precincts with less than 300 registered voters, prohibiting the parish governing authority from establishing a precinct which contains less than 300 registered voters within its geographical boundaries unless the governing authority has submitted documentation to the Department of Elections and Registration and received written approval from the department that the precinct meets one of 4 exceptions noted in the law. The parish governing authority has the power to establish precincts and correct this problem, and our opinion today does not in any way prohibit or limit the council from correcting those precincts with less than 300 registered voters. If as a result of the council's correction of said precincts, split precincts are created in justice of the peace districts, this is one of the exceptions provided in the law.
Therefore, the council would not be faced with an increase in election costs merely because of a justice of the peace district. Precincts are created and used throughout the parish; they are not created for one particular district, i.e. "justice of the peace precincts" or "school board precincts". Precincts are the basic building blocks used for creating districts, whether it be a school board district, a council district or a justice of the peace district. Nevertheless, the power to establish precincts does not grant the council the power to reapportion the territorial jurisdiction of the justice of the peace districts.
QUESTION NO. 2 AND NO. 3
In 1983 the Attorney General's Office issued Opinion Number 83-531, which concluded that a parish police jury could legally redistrict justice of the peace wards. This opinion was based on a law in effect (R.S. 33:1224) prior to 1968. In 1968, R.S.33:1224 was amended by Act 445, repealing that portion which allowed a parish police jury to redistrict a justice of the peace ward. However, Act 445 of 1968 was objected to by the U.S. Department of Justice under Section 5 of the Voting Rights Act, and it was not until November 20, 1995, that the Justice Department removed its objection to Act 445 of 1968. However, the 1974 Louisiana Constitution adopted two provisions pertaining to the justice of the peace courts, LSA-Const. Art. 5, § 20 and Art. 6, § 25 (1974), which specifically continued the existing justice of the peace courts until changed by law. The 1974 Constitution was precleared on November 26, 1974.
Thus, subsequent to the 1974 Constitution, the only valid change to the territorial jurisdiction of a justice of the peace court that could be created is through legislative action. Whatever plans existed as of the 1974 Constitution were to be maintained, except as changed by the Louisiana Legislature. Therefore, our opinion in 1983 is hereby recalled.
It is our opinion that the election officials of this state have a ministerial duty to conduct elections only under reapportionment plans in existence as of the adoption of the 1974 Constitution or changed thereafter by legislative act.
We hope this opinion addresses all concerns in this matter. However, if we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
cc: Hon. M. J. "Mike" Foster, Governor
Hon. Jerry M. Fowler, Commissioner of Elections Randy Lewis, Esq. Marvin Lyons
Date Received: Date Released:
Angie Rogers LaPlace Assistant Attorney General