Dear Mr. Levy:
You have requested an Attorney General's opinion on the effect a recent amendment to the Lawrason Act may have on the civil service laws in Louisiana. Specifically, LSA-R.S. 33:386(D) was amended by Act 836 of the 1997 Regular Session to read as follows:
 The term of the clerk, tax collector, non-elected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election.
The Chief of Police for the City of Ruston, a Lawrason Act municipality, is a civil service classified employee appointed by the Mayor and confirmed by the Board of Aldermen. Your concern is that the amended provision cited above may have the effect of automatically terminating this employment in contravention to the pertinent civil service protections afforded this individual.
As per LSA-R.S. 33:2481(A), the appointed chief of police is in the classified service. Additionally, Article XIV, § 15.1 of the 1921 Constitution, retained and continued in force and effect as statutes by Article X, § 18 of the 1974 Constitution, mandates the "tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior."
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause. La. Const. Art. 10, § 8(A). InWalters v. Dept. of Police of City of New Orleans,454 So.2d 106, 113 (La. 1984), the Louisiana Supreme Court formulated jurisprudential guidelines to apply this constitutional principle by stating that "[c]ause for dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation."
In Bannister v. Dept. of Streets, 666 So.2d 641, 647 (La. 1996), the Court added the following guideline to the requirements ofWalters. It said, "[s]tated differently, disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the `efficient operation' of the public service." In addition to these jurisprudential guidelines, "cause" is further statutorily defined in LSA-R.S. 33:2500 and33:2560.
As a constitutionality protected right, classified service in this instance is afforded special consideration and protection. Therefore, in our opinion, where LSA-R.S. 33:386(D) and civil service protections conflict, the latter prevails. State v.Franklin, 12 So.2d 211 (La. 1943).
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received:
Date Released:
CARLOS M. FINALET, III Assistant Attorney General