HALL, Justice Ad Hoc.*
Act 101 of 1986, effective June 24, 1986, provides for a seventh justice of the peace district and court comprised of Ward 5, Precincts 1-A, 1-C, 2, 3 and 5, of Jefferson Parish. These precincts were previously within the territorial jurisdiction of the second justice of the peace district and court. A gubernatorial proclamation issued on July 1,1986 ordered that a primary election be held on Saturday, September 27, 1986 and that a general election be held on Tuesday, November 4, 1986 to fill the offices of justice of the peace and constable for the justice of the peace court created by Act 101.
On July 15, 1986 Raymond E. LeBlanc and Alonzo B. Miears, Justice of the Peace and Constable, respectively, for the Second Justice of the Peace District of Jefferson Parish, filed this suit against various public officials alleging the unconstitutionality of Act 101 and requesting a temporary restraining order and preliminary and permanent injunctions prohibiting defendants from holding elections for the seventh justice of the peace and constable positions. The temporary restraining order was granted.
Eugene Fitchue and Herbert Wallace, potential candidates for justice of the peace and constable, respectively, for the new district, filed a petition of intervention asserting that Act 101 was constitutional and requesting dissolution of the temporary restraining order. The Attorney General filed an answer to the plaintiffs’ petition, asserting the presumption of constitutionality of the act and praying for judgment in accordance with the law.
The parties stipulated that the matter be heard on the permanent as well as the preliminary injunction. After reviewing the submitted documentary evidence and hearing arguments of counsel, the district court held Act 101 unconstitutional and granted the injunction prohibiting the qualification of candidates and the elections. From this judgment, intervenors appealed directly to this court pursuant to La. Const. Art. V, § 5(D)(1). We reverse the judgment of the district court, hold Act 101 of 1986 constitutional, and render judgment dismissing plaintiff’s suit.
Plaintiffs argue that Act 101 establishing a new justice of the peace court without parishwide jurisdiction directly contravenes La. Const. Art. V, § 15(A)[1] which authorizes the legislature to only establish trial courts of limited jurisdiction with parish-wide territorial jurisdiction. Intervenors and the Attorney General argue that La. Const. Art. V, § 20[2], rather than Art. V, § 15(A), applies to justice of the peace courts and allows the legislature to establish a new justice of the peace district and court territorially encompassing a portion of an existing justice of the peace district even though it encompasses only a portion of a parish.
A general principle of judicial interpretation of the state constitution is that, unlike the federal constitution, a state charter’s provisions are not grants of power but instead are limitations on the otherwise *1375 plenary power of the people of the state exercised through its legislature. Board of Elementary and Secondary Education v. Nix, 347 So.2d 147 (La.1977); Hainkel v. Henry, 313 So.2d 577 (La.1975). The legislature may enact any legislation that the state constitution does not prohibit. Board of Elementary and Secondary Education v. Nix, supra; In re Gulf Oxygen Welder’s Supply Profit Sharing Plan and Trust Agreement, 297 So.2d 663 (La.1974).
Constitutional provisions are to be construed and interpreted by the same rules as other laws. Aguillard v. Treen, 440 So.2d 704 (La.1983); Barnett v. Develle, 289 So.2d 129 (La.1974); Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958). When a constitutional provision is plain and unambiguous its language must be given effect. Aguillard v. Treen, supra; The Bank of New Orleans and Trust Company v. Seavey, 383 So.2d 354 (La.1980).
An act of the legislature is presumed to be constitutional until it is shown to be otherwise. State v. Union Tank Car Company, 439 So.2d 377 (La.1983).
La. Const. Art. V, § 1 vests the judicial power in a supreme court, courts of appeal, district courts, “and other courts authorized by this Article.” The other courts authorized by Article V are family, juvenile, parish, city, and magistrate courts [Section 15(A) ] and mayors’ courts and justice of the peace courts [Section 20]. In addition to these courts which existed prior to the adoption of the 1974 Constitution and which were continued in existence by the 1974 Constitution, Section 15(A) authorizes the legislature to establish trial courts of limited jurisdiction with parishwide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state. This provision authorizes the legislature to create a new type of court not previously authorized under the 1921 Constitution. This provision represents authorization for a new type of court and does not represent a limitation or restriction of the authority of the legislature to make changes affecting the other existing types of courts of limited jurisdiction authorized by Article V of the Constitution. In fact, the Constitution specifically authorizes the legislature to make changes affecting the other courts.
Section 20 deals with justice of the peace courts specifically. The section provides that mayors’ courts and justice of the peace courts existing on the effective date of the constitution are continued, “subject to change by law.”[3] The legislature is specifically given the authority to make changes relative to justice of the peace courts. Under this section such changes could include abolishment, merger, rearrangement or reapportionment of districts, and division of existing justice of the peace districts and courts as the legislature might from time to time deem appropriate.
The provision in Section 15(A) authorizing the creation of courts of limited jurisdiction with parishwide jurisdiction makes it possible for the legislature to create such courts and at the same time, if the legislature so desires, to abolish city, justice of the peace, and mayors’ courts in a parish where the parish court is created. However, nothing in the constitution prohibits the legislature from making changes in the existing courts of limited jurisdiction, including rearranging districts and creating new judgeships for those courts, as the legislature, in its wisdom, deems necessary or appropriate.
Portions of the debates of the constitutional convention concerning Sections 15(A) and 20 support plaintiffs’ position that it was the delegates’ intention to restrict the legislature in the creation of additional courts of limited jurisdiction, and that it *1376 was contemplated that courts with less than parishwide jurisdiction would eventually be phased out by legislative action. However, other portions of the debate indicate an intent to grant the legislature broad authority in dealing with courts of limited jurisdiction in the future as circumstances might require.[4] In any event, the constitutional provisions continuing the existing justice of the peace courts and granting the legislature authority to make changes in these courts are clear and unambiguous, and we cannot, as plaintiffs suggest, decide constitutional questions on the basis of the drafters’ debate, but must rely on the finished product, which is the expression of the voters who adopted the constitution. The Bank of New Orleans and Trust Company v. Seavey, supra. Act 101 is presumed to be constitutional and plaintiffs have failed to show otherwise.
In effect, Act 101 changed an existing justice of the peace district and court by dividing it into two separate districts and courts. This change is authorized by Section 20 and is not prohibited by Section 15(A). Accordingly, we conclude that the trial court erred in holding Act 101 unconstitutional and granting plaintiffs’ request for an injunction.
The judgment of the district court holding Act 101 of 1986 unconstitutional and granting an injunction is reversed. Plaintiffs’ suit is dismissed at plaintiffs’ cost.
REVERSED AND RENDERED.
DENNIS, J., concurs with reasons.

 Chief Judge Pike Hall, Jr. of the Court of Appeal, Second Circuit participated in this decision as Associate Justice ad hoc in place of Justice Harry T. Lemmon.

. La. Const. Art. V, § 15(A) provides as follows:
Section 15. (A) Court Retention; Trial Courts of Limited Jurisdiction. The district, family, juvenile, parish, city, and magistrate courts existing on the effective date of this constitution are retained. Subject to the limitations in Sections 16 and 21 of this Article, the legislature by law may abolish or merge trial courts of limited or specialized jurisdiction. The legislature by law may establish trial courts of limited jurisdiction with parishwide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state. The office of city marshal is continued until the city court he serves is abolished.

. La. Const. Art. V, § 20 provides as follows:
Section 20. Mayors’ courts and justice of the peace courts existing on the effective date of this constitution are continued, subject to change by law.

. Article VII, Section 46 of the 1921 Constitution provided that any parish of the state, Orleans excepted, may be divided by the police jury thereof into not more than six nor fewer than three justice of the peace wards, from each of which there shall be elected one justice of the peace; provided that the legislature may reduce such number or even abolish the office of justice of the peace throughout the state. Section 46 was continued as a statute by Article XIV, § 16 of the 1974 Constitution, but was repealed by Act 95 of 1975.

. VI Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, 773-783 and 804-807.