Dear Mr. Lewis:
This office is in receipt of your opinion request in which you present the following issues.
 Can St. Charles Parish pay the legal fees for the Justices of the Peace and Constables incurred in litigation styled Miller v. Oubre, 96-2022 (La. 10/15/96), 682 So.2d 231 and does it make a difference if the agreement to pay legal fees is styled in a "Cooperative Endeavor Agreement"?
 Can the St. Charles Parish Council reduce the salary of a Justice of the Peace or Constable who was continuing to serve pending litigation and who was re-elected per special election?
The St. Charles Parish Council is only required to reimburse the legal fees of the St. Charles Parish Justices of the Peace and Constables if they are mandated to do so by either statute or jurisprudence. In the lawsuit giving rise to this issue, there is no provision for payment of attorneys fees by St. Charles Parish. Had the court ordered the Parish to pay attorneys fees, the Parish would thus be required to follow the court order. However, since no such order was made by the court, the Parish is under no obligation judicially to reimburse these legal fees.
Regarding statutory mandates, LSA-R.S. 13:5108.1 and 5108.2 provide for the indemnification of officers and employees of the State against certain claims. R.S. 13:5108.1 provides for indemnification of officers and employees of the State for federal civil rights claims, and therefore, is not applicable to this matter. R.S. 13:5108.2(B) provides for indemnification of public officials for claims by reason of alleged negligence or other act as follows:
 § 5108.2(B) Indemnification of officials, officers, and employees of the state
 B. It is hereby declared to be public policy of this state that the state shall hold harmless and indemnify each official, officer, and employee of the state from any financial loss which, for purposes of this Section, shall mean and include court costs, judicial interest, and monetary damages, arising out of any claims, demand, suit, or judgment in any court by reason of alleged negligence or other act by the official officer or employee, if the official, officer, or employee, at the time damages were sustained, was acting in the discharge of his duties and within the scope of his office, employment, contract, or assignment and such damages did not result from the intentional wrongful act or gross negligence of the official, officer, or employee. In the case of a contract or assigned physician, gross negligence is an act or omission in gross deviation from the standard of care required to be proven under provisions of R.S. 9:2794.
13:5108.2(2) defines who is considered an official officer or employee of the State:
 (2) As used in this Section, an "official", "officer", or "employee" of the state does not include an official, officer, or employee of a municipality, ward, parish, special district, . . . nor justices of the peace, constables, mayor's courts, city courts, marshals, nor the officials, officers, or employees thereof.
Thus given the explicit exclusion of justices of the peace and constables from this Section, R.S. 13:5108.2 is also inapplicable in the present situation.
LSA-R.S. 13:5109 authorizes public entities to compromise and settle claims presented with or without the necessity of filing suit and states in part as follows:
 A. In any suit filed against the state of Louisiana, a state officer, a state agency, a local public official or a political subdivision, the defendant, or the proper representative thereof, upon the advice and with the concurrence of the attorney general, district attorney, parish attorney, city attorney, or other proper official, as the case may be, may compromise and settle the claims presented in any such suit.
 C. The governing authority of a parish or municipality, upon the advice and the concurrence of the district attorney, parish attorney, or city attorney of that parish or municipality or proper official as the case may be, may compromise or settle any claim against that parish or municipality without the necessity for the filing of a suit against that parish or municipality in the matter. Any such compromise settlement shall be eligible, payable, and paid out of funds appropriated for that purpose by the governing authority of that parish or municipality. No claim in excess of ten thousand dollars may be compromised or settled as provided herein before ten days have elapsed after the publication of such proposed compromise or settlement in the official journal of the appropriate political subdivision.
Pursuant to Section A of the above statute the parish could have agreed to pay these legal fees as part of a compromise to settle the underlying suit. Such a compromise was not reached.
Attorney General Opinion No. 97-471A briefly outlined the requirements and conditions for a cooperative endeavor agreement in a similar situation and stated in part as follows:
 The expenditure in question must be examined in light of Article VII, Section 14 of the 1974 Louisiana Constitution (Constitution). It provides, in pertinent, the following:
 § 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision, shall not be loaned, pledged or donated to or for any person, association or corporation, public or private. . . .
 * * *
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Opinion No. 97-471A further stated:
 Paragraph (C) of Section 14 authorizes the State and its political subdivision (i.e., the District Attorney) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or with individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standard for the non-gratuitous alienation of public funds established in Paragraph (A). City of Port Allen v. Louisiana Risk Management, et al., 439 So.2d 399 (La. 1983) and Attorney General Opinion No. 90-651.
In City of Port Allen, the Court ruled:
 The cases that do exist [under La. Const. Art. IV, § 12
(1921)] hold primarily that this section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so . . . .
 * * *
 Section 14(C) does not help the state either. There is no indication that it is meant to be an exception to the rule of § 14(A); the exceptions are clearly contained in § 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States Government, or public or private associations or corporations, or to individuals merely for a `public purpose'. [Emphasis added.]
Continuing the cooperative endeavor discussion, Opinion No. 97-471A further states:
 The threshold requirement of the constitutional doctrine for distinguishing between invalid and lawful expenditures and transfers of public funds and property is the presence of a legal obligation or duty by the transferor to alienate said funds or property. See Beard-Poulon, Inc. v. Dept. Of Highways, 362 F. Supp. 547 (W.D. La. 1973) and Town of Brusly v. West Baton Rouge Parish Police Jury, 283 So.2d 288
(La.App. 1st Cir. 1973).
 This prerequisite is satisfied by the presence of a valid
statute, ordinance, charter or contract. The vehicle by which the obligation is created may, nevertheless, be ultra vires or unconstitutional if it creates no binding legal obligation or if the obligation created is substantially inconsistent with, or beyond the scope of the District Attorney's authorized duties. Attorney General Opinion No. 90-651.
 As noted above, the requirement of a legal duty is the threshold, but not the only predicate for the constitutionality of the expenditure. Second, the expenditure must also be for a public purpose. Finally, the expenditure must create a public benefit proportionate to the cost (i.e., the amount expended). Attorney General Opinion No. 90-651.
Thus for the cooperative endeavor agreement as presented to be valid it must be pursuant to an obligation created by a statute such as that allowed in R.S. 13:5109 as a settlement of this claim. Or, it must be valid as per another statute or ordinance creating the obligation. The cooperative endeavor agreement is not valid unless the parish can show either that they are receiving something of value such to justify the outgoing funds or that they are legally obligated to pay these funds. Barring such obligation they should not enter into such an agreement. Since the debt for which the Justices of the Peace seek to be reimbursed is one incurred in their private capacity as candidate rather than in their official capacity as Justice of the Peace, the parish is not required to pay such a private obligation with public funds, barring another legal obligation to do so.
Your second question regarding the reduction of salaries of the justices of the peace and constables in St. Charles Parish was answered in Opinion No. 97-273, a copy of which is attached for your convenience.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW/tp
Att.
DATE REC'D: 02/11/98
DATE RELEASED:
J. RICHARD WILLIAMSASST. ATTORNEY GENERAL
Attachment
State of Louisiana DEPARTMENT OF JUSTICE CIVIL DIVISION P.O. Box 94005 BATON ROUGE TEL: (504) 342-7013 70804-9005 FAX: (504) 342-2090 RICHARD P. IEYOUB ATTORNEY GENERAL
JULY 17, 1997
IN RE OPINION NUMBER 97-273
Honorable Henry J. Miller, Jr. 57 — Justices of the Peace and Constables Justice of the Peace St. Charles Parish The St. Charles Parish Council does not 219 Ormond Oak Dr. have the authority to reduce the salary of Destrehan, LA 70047 any justice of the peace or constable in St. Charles Parish who is continuing to serve until, pursuant to a Louisiana Supreme Court ruling, the legislature redraws lines in St. Charles Parish and until new elections are held.