Dear Ms. Waskom:
This office is in receipt of your opinion request in which you ask if the City Marshal and City Court of Natchitoches have authority in the new portion of the City which is in Ward 4 of Natchitoches Parish. You also ask about the correlation between R.S. 13:1952 which deals with the Courts created by Special Legislative Act and R.S. 13:2615 which designates territorial jurisdiction of justices of the peace and constables.
R.S. 13:1952, regarding the creation of the Natchitoches City Court, states in pertinent part:
 § 1952. Courts created by special legislative act
 The following city courts, heretofore created and established by special legislative act, are hereby recognized and continued in existence and, except as otherwise provided in this Section, their territorial jurisdiction shall extend through the city and Ward or Wards wherein the city in which they are domiciled is located, as extended from time to time:
* * *
 (17) The City Court of Natchitoches, domiciled in the city of Natchitoches, parish of Natchitoches, having one city judge and a city marshal;
* * *
As the legislature did not specify the territorial jurisdiction specifically for the Natchitoches City Court, the jurisdiction is governed by the general provision in the first paragraph of R.S.13:1952 as cited above. Note especially the language at the end of the first paragraph of R.S. 13:1952, which states that the City Court's territorial jurisdiction extends through the city and Ward or Wards within the city in which they are domiciled, asextended from time to time. The two (2) ordinances at issue, specifically Ordinance No. 30 from 1995 and No. 63 from 1997, extend the districts of the City of Natchitoches into Ward 4 of Natchitoches Parish. In accordance with R.S. 13:1952, the Natchitoches City Court thus has jurisdiction throughout the entirety of Ward 4 of Natchitoches Parish, because a portion of the city is extended into a portion of Ward 4.
These two ordinances at issue must, as do any acts or ordinances affecting voting issues, be federally precleared in accordance with Section 5 of the Voting Rights Act in order for the new districts to be effective. Further, they must be precleared for the specific purpose of expanding the jurisdiction of the Natchitoches City Court and not merely for the purpose of expanding the city limits, per the 1997 U.S. District Court case of USA v. State of Louisiana, 952 F. Supp. 1151. In this case the U.S. Justice Department sued the State of Louisiana and the City of Shreveport to enjoin the elected city judges from receiving commissions to serve on the Shreveport City Court, based on the city's failure to obtain preclearance for annexations affecting the court. The city had submitted over 300 annexations for Section 5 preclearance of the city's boundaries, but did not seek preclearance for expansion of the court. The court ruled that the city or the court had to explicitly request preclearance regarding the court's boundaries. Thus, for the Natchitoches City Court to expand, these ordinances must be precleared with the U.S. Department of Justice for that specific purpose.
Regarding the jurisdiction of the Justice of the Peace Courts and their relation to City Courts, R.S. 13:1872 as amended in 1983, states in part as follows:
 § 1872. City courts and judges; abolition of office of justice of the peace and constable; submission of proposition to electors; election and terms of office; Donaldsonville excepted; Houma City Court territorial jurisdiction
 A. (1) In all Wards where city courts exist and in Wards containing cities of more than five thousand inhabitants, except in the city of Donaldsonville, the voters thereof shall elect a city judge, upon whose election the jurisdiction of justice of the peace and constable in that portion of the Ward or Wards in which the city is contained shall cease;
While R.S. 13:1872 provides that the jurisdiction of justices of the peace and constables in that portion of the Ward or Wards in which the city is contained shall cease, it does not include a provision stating that further expansion of a city or city court will remove jurisdiction from the justice of the peace and constable for the portion of the Ward outside of the city annexation. Thus, the justice of the peace retains jurisdiction in that portion of the Ward outside of the city limits of Natchitoches even though the city court's jurisdiction expands throughout the entirety of Ward 4.
It should be noted that only the legislature may reapportion the justice of the peace and constable districts. In Miller v.Oubre, 682 So.2d 231 (La. 1996), the St. Charles Parish Council had redrawn the district lines for the justices of the peace and constables in St. Charles Parish. The court ruled that such action was improper and stated as follows:
 The question presented in this case is whether a post-1974 Home Rule parish government has the authority to redraw justice of the peace and constable district lines and to create an additional justice of the peace and corresponding constable district. We find that certain ordinances passed by the St. Charles Parish Council to redraw justice of the peace and constable district lines and to create an additional district are unconstitutional. Under our state constitution, only the Louisiana Legislature has the power to change justice of the peace courts which existed on the effective date of the 1974 constitution, including the power to redraw district lines and create additional justice of the peace and constable districts.
The ordinances at issue regarding Natchitoches Parish do not attempt or allege to redistrict or otherwise effect the jurisdiction or election districts of the justices of the peace and constables. They only regard the boundaries of the City of Natchitoches. Again note that such ordinances must be precleared by U.S. Department of Justice both for the purpose of extending the city limits and for the purpose of extending the jurisdiction of the city court.
As only the legislature can restrict or redefine the jurisdictional limits of the justices of the peace and constables and as they have not provided alternate jurisdiction to coordinate with Ordinances No. 30 and 63 as referenced, the justices of the peace and constables in Natchitoches Parish retain jurisdiction in those portions of the Wards which are outside of the city annexation by the expansion of the City of Natchitoches and the Natchitoches City Court. The justices of the peace and constables lose jurisdiction within the portion of Ward 4 which has been annexed by the City of Natchitoches because of the legislative authority exercised per R.S. 13:1872. Thus, there is overlapping jurisdiction between the City Courts of Natchitoches and the Justice of the Peace Court of Natchitoches Parish in that area of Ward 4 which is outside the city limits. Otherwise, the justices of the peace and constables are to retain their jurisdiction in accordance with the districts in which they were elected until such time as January 1, 2003 when R.S. 13:2615
applies.
Referring to R.S. 13:2615, the territorial jurisdiction of the Natchitoches Parish Justice of the Peace Courts will change effective January 1, 2003 as stated in that statute and according to the boundary lines as set forth therein. R.S. 13:2615 (B) states that persons elected to the offices of justice of the peace and constable for such justice of the peace courts at the 2002 Congressional Elections shall be elected from the new districts as provided in R.S. 13:2615 (A). Such election districts will take effect regardless of further expansion by the Natchitoches City Court, unless the legislature further redistricts or amends the law.
R.S. 13:1872 governs the election of city judges and, as cited more fully above, states: "In all Wards where city courts exist . . . the voters thereof shall elect a city judge. . ." The city judges should be elected by the voters in all of Ward 4 even though the city limits do not extend into all of Ward 4, as per R.S. 13:1872. The justices of the peace shall remain in office in accordance with the boundaries from which they were elected for their current terms. For the election for terms beginning January 1, 2003, the justices of the peace and constables shall be elected from the boundaries as drawn by the legislature per R.S.13:2615. There will thus be voters in Ward 4 who reside outside of the city limits who will vote for both the city judge and the justice of the peace and constable.
In conclusion, assuming the City of Natchitoches has obtained the approval of the U.S. Department of Justice under Section 5 of the Voting Rights Act, the City Court of Natchitoches now has jurisdiction in all of Ward 4 of Natchitoches Parish. The justice of the peace from Ward 4 of Natchitoches Parish retains jurisdiction in that portion of Ward 4 which is outside of the City of Natchitoches. Thus, there is concurrent jurisdiction in portions of Ward 4. On January 1, 2003 the new boundaries for election and jurisdiction for the justices of the peace and constables of Natchitoches Parish will be implemented in accordance with R.S. 13:2615. The city judges will be elected by the voters in all of Ward 4, including those voters that reside in that portion of Ward 4 which is outside of the city limits.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ J. RICHARD WILLIAMS Assistant Attorney General
DATE REC'D: 08/05/98 DATE RELEASED:
J. RICHARD WILLIAMS ASST. ATTORNEY GENERAL