Dear Ms. Kattengell:
On behalf of the St. Bernard Parish Government, acting through the St. Bernard Parish Council (the "Council"), you requested the opinion of this office concerning several sections of the St. Bernard Parish Home Rule Charter (the "Charter"). You advised that the Council adopted several resolutions accepting from parish employees propositions calling for elections pursuant to Section 6-01 of the Charter. Three proposals request approval of propositions which may culminate in the holding of elections to authorize additional millage taxes to provide funds for (i) increasing salaries of firefighters and providing for improvements to the fire protection facilities in St. Bernard Parish (the "Parish"); (ii) increasing salaries for Public Works employees; and (iii) increasing salaries for Water and Sewer Department employees.
Your first question is, in light of the limitation of Section 6-01 of the Charter, are the above described proposals permissible under the Charter?
Article VI of the Charter pertains to "Initiative, Referendum, Recall, and Removal by Suit", and provides in Section 6.01 in pertinent part:
"Sec. 6-01. Initiative and referendum.
 The electors of the parish shall have the power, except as herein restricted, to propose to the council passage or repeal of ordinances and to vote on the question if the council refuses action. This power shall not extend to the proposing or repealing of ordinances making or reducing the appropriation of money, to the repeal or reduction of the levy of any taxes, or to the change of salaries of parish government officers or employees. . . (Emphasis added)
Following is a detailed procedure regarding how the initiative power shall be exercised, including the filing of a petition, verification of the sufficiency and authenticity of signatures, holding of a public hearing, subsequent to which, the council shall either:
 "At the next regularly scheduled meeting, adopt the proposed ordinance submitted in an initiative petition, without substantive amendments, or effect the repeal referred to by such petition; or
 At the next regularly scheduled meeting, determine to submit the proposal to the electors."
The Charter was adopted pursuant to Article VI, Section 5 of the Louisiana Constitution of 1974, as amended. A home rule charter adopted under this section provides the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with the constitution.
In a pronouncement of the constitutional balance between state and local governmental powers, the Louisiana Supreme Court observed that a local government subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution, such as the Parish, is authorized to exercise such powers only when "necessary, requisite, or proper for the management of its affairs." City of New Orleans v. Board ofCommissioners of the Orleans Levee District, 93-0690, 640 So.2d at 244. See also, St. Charles Gaming Co., Inc. v. Riverboat Gaming Com'n, 94-2697 (La. 1/17/95), 648 So.2d 1310; Daiquiri Cafe Sherwood, Inc. v. Parish ofEast Baton Rouge, 2000-1745 (La.App. 1 Cir. 11/9/01), 818 So.2d 1.
A local governmental subdivision operating under a home rule charter possesses power as broad as that exercised by the State, except where limited by the Constitution, by laws permitted by the Constitution, and the charter itself. Francis v. Morial, 455 So.2d 1168 (La. 1984); City ofShreveport v. Chanse Gas Corp., 34,959 (La.App. 2 Cir. 8/22/01),794 So.2d 962; Miller v. Oubre, 96-2022 (La. 10/15/96), 682 So.2d 231.
Thus we must examine the three propositions to determine if each complies with the Constitution, the laws of the State and the Charter. The first proposition is to authorize the levy of an ad valorem tax for the purpose of:
 ". . . providing additional funds for salary increases for all Fire Department employees of the Parish who are members of the Fire Civil Service system. All Monies generated by the millage will be used for a pay raise with the exception of $70,000 per each year of the millage that will be placed into the Fire Department Capital Budget . . ." (Emphasis added)
The second proposition is for the levy of an ad valorem tax for the purpose of:
 ". . . providing additional funds for salary increases for all employees of the Road District, Department of Public Works. All monies generated by the millage will be used for a pay raise." (Emphasis added)
The third proposition is for the levy of an ad valorem tax for the purpose of:
 ". . . providing additional funds for salary increases for all employees of the Division of Water and Sewer, Department of Public Works. All monies generated by the millage will be used for a pay raise." (Emphasis added)
As to the issue of whether the three propositions comply with the Constitution and the laws of the State, the Constitution sets forth a procedure in Article VI, Section 26 for the increase of ad valorem taxes, which requires a favorable vote of the people. Thus the three propositions are not inconsistent with that provision of the Constitution. We are not aware of any general State law which would prohibit these elections. The question remains as to whether these propositions violate Section 6-01 of the Charter, which gives to the parish electors the power, except as restricted by the Charter, to propose to the Council passage or repeal of ordinances. This power does not extend to "the change of salaries of parish government officers or employees". (Emphasis added).
The basic tenets of statutory construction and interpretation which apply to the Charter are found in the Louisiana Civil Code and Title 1 of the Louisiana Revised Statutes. These tenets are applicable, not only to state statutes, but also to municipal and parochial ordinances. Libertov. Rapides Parish Police Jury, 667 So.2d 552 (La.App. 3rd Cir. 1995), rehearing denied. Your attention is directed to the following Articles of the Civil Code:
"Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole."
The following Sections of Title 1 are also applicable:
"§ 3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
§ 4. Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit."
The definition of "change" as found in the American HeritageDictionary[1] includes:
 TRANSITIVE VERB: 1a. To cause to be different . . . b. To give a completely different form or appearance to; transform . . .
 INTRANSITIVE VERB: 1. To become different or undergo alteration . . . 2. To undergo transformation or transition . . . 4. To make an exchange . . .
 NOUN: 1. The act, process, or result of altering or modifying . . . 2. The replacing of one thing for another; substitution . . . 3. A transformation or transition from one state, condition, or phase to another . . . 4. Something different; variety . . .
The question then becomes is a proposition authorizing a tax to be levied, the proceeds of which are required to be used for employee raises (with one exception), a proposition to change the salaries of parish government officers or employees? We must answer in the affirmative. Successful passage of the proposition would result in a pay increase or change in salary, for the designated employees.
We must further note that this opinion addresses the issue of a initiative referendum being called in accordance with Section 6-01 of the Charter. There is no impediment to the Council calling elections for these purposes in accordance with Section 2-17 of the Charter.
Your second question concerns the applicability of Section 2-17(3) of the Charter. If the provisions of Section 6-01 and Section 2-17 are both given effect, are two separate elections (one on the question of adoption of the ordinance calling the election and one on the question of the imposition of the taxes) on each proposition required?
Section 2-17 of the Charter provides in pertinent part as follows:
Sec. 2-17. Power to levy taxes.
 (a) The power to perform any service or provide any facility granted to the parish government by this Charter or by the constitution, statutes, and laws of the State of Louisiana shall in all cases carry with it the power to levy taxes and to borrow money within the limits and in accordance with procedures prescribed by the constitution, statutes, and laws of the State of Louisiana. The council shall have, and is hereby granted, all of the authority to levy and collect taxes, to incur debt, and to issue bonds and other evidences of indebtedness as is now or hereafter conferred on governing authorities of parishes by the constitution, statutes, and laws of the State of Louisiana, or as may be hereafter specially conferred by the electors of the parish.
* * *
 (c) All proposals to levy property taxes in excess of that authorized by the constitution to be levied without a vote of the people shall be submitted to the voters for approval in accordance with the election laws of the state.
* * *
 (e) All tax proposals requiring a vote of the electors must be approved by the favorable vote of at least two-thirds (2/3) of the total membership of the council prior to submission of the proposals to the voters.
We believe that Section 6-01 and Section 2-17(e) must be read in pari materia and should not be read so as to render one Charter provision repugnant to another if they can stand together. The two sections can be read together to require a two-thirds vote of the Council in order to propose a new tax levy to the voters, even if such a levy is required pursuant to Section. 6-01.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: September 17, 2002
[1] http://education.yahoo.com/reference/dictionary/entries/85/c0238500 .html.