Dear Ms. Jacob-Tucker:
We are in receipt of your correspondence to this office requesting our review of a revised rule of the St. Charles Parish Council. Rule 31 of the council rules currently provides:
 A vote may be reconsidered at any time during the same meeting, or at the next regular or special meeting. A motion for reconsideration having been rejected shall not be reconsidered. A motion that has been rejected may be renewed at a future meeting.
The proposed revision to Rule 31 (which has yet to be adopted by the parish council) states:
 A vote on an Ordinance or a Resolution may be reconsidered at any time during the same meeting. A vote on a matter, other than an Ordinance or Resolution, may be reconsidered at any time during the same meeting, or at the next regular or special meeting.
The revised rule would limit a reconsideration of a vote on an ordinance or resolution to the same meeting. The proposed revision prompts your first question:
 Should a Council Member, in light of new facts or evidence regarding an Ordinance or Resolution, have the option to change their minds in a regular scheduled or special meeting, following the meeting in which the decision was made?
The answer to your question is governed by the council rules in effect at the time the ordinance is introduced. The language of current Rule 31 would permit reconsideration in the scenario presented; the revised Rule 31 would not permit reconsideration.
The parish council as a home rule charter entity is empowered to adopt its own rules of action, where not in conflict with mandatory charter provisions.[1] "Rules adopted under ample grants of power are said to be as binding upon the council as charter or statutory provisions." See Attorney General Opinion 81-350, page 2.
McQuillin's treatise on the law of municipal corporations (updated in February of 2004) addresses the issue of reconsideration and states in § 13.48 in pertinent part:
 Unless restrained by charter or applicable statute, the legislative body of a municipal corporation, like all deliberative bodies, possesses the undoubted right to vote and reconsider its vote upon measures before it, at its own pleasure, and to do and undo, consider and reconsider, as often as it may think proper, until by final vote or act, accepted as such by the body, a conclusion is reached. If the law does not forbid, the legislative body may adopt its own rules or parliamentary practice as to the right and method of reconsideration. The reconsideration must be in accordance with the provisions of the charter and the rules of procedure, if any, governing the body.
St. Charles Parish Council may adopt its own rules as to the right and method of reconsideration. Once adopted, the council must follow those rules; a vote for reconsideration which violates those rules is improper and without effect. See Burstein vs.Morial, 437 So.2d 1179 (La.App. 4th Cir 1983); affirmed438 So.2d 554 (La. 1983).
As basis for your second question, you assert that "if the home rule charter is followed to the letter it would allow a council member to reconsider their vote before the ordinance or resolution becomes law." We have reviewed the provisions of your home rule charter and agree that this situation could occur and is in fact contemplated by the council's current Rule 31.[2] However, you suggest that if the ordinance is processed in the most expeditious manner possible the ordinance could become law before the next regular meeting, thereby denying any reconsideration under Rule 31. Your second and final question is requoted as follows:
 If the Home Rule Charter is followed as written, but the Parish President returns the documents signed the same day he receives them, do we hold the documents for the amount of days as prescribed by the Charter, which would allow for these to become law after the next Council Meeting, or is it required that we send [the ordinance] to the Official Journal immediately after receiving the documents signed by the Parish President, which then would [allow the ordinance to] become law before the next Council Meeting?
The charter provisions mandate the following: the council must present the ordinance or resolution to the parish president within two days; the parish president must return same to the council within six days; the ordinance must be published in the official parish journal within ten days after it is approved by the parish council. There is no charter requirement compelling the council to forward the ordinance signed by the president to the official journal should the president return it earlier than the time allowed. However, the council cannot act intentionally to avoid application of its own duly adopted rules. See Burstein, supra. It is suggested that the council act in such a manner as to give effect to Rule 31, until such time as the council adopts an appropriate revision.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY: _____________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Discussing the authority of the St. Charles Parish Council in Miller v. Oubre, 682 So.2d 231 (La. 1996), the Louisiana Supreme Court stated at page 236 (citations omitted):
St. Charles Parish adopted a home rule charter in January, 1978, under the authority of Art. VI, La. Const. of 1974. Under Article VI, "home rule" does not mean complete autonomy but rather it is a rule by which local government has the freedom and flexibility to manage its own local affairs without undue legislative influence. Under Article VI, the state is supreme on state-wide concerns but it allows a home rule government to exercise any necessary power or function except as may be expressly limited by its charter and the general laws, or as may be inconsistent with other provision of the Constitution. The power of a home rule charter government within its jurisdiction is as broad as that of the state, except when limited by the constitution, laws permitted by the constitution, or its own home rule charter. As we recently affirmed in St. Charles Gaming Company, Inc. v. Riverboat GamingCommission, et al, 94-2697 (La. 1/17/95), 648 So.2d 1310, 1317, the 1974 Louisiana Constitution grants to post 1974 home rule charter government such as St. Charles Parish immunity from state legislative control when exercising within their boundaries legislative powers consistent with the 1974 state constitution that are not denied by general law. Thus, powers of a home rule government can be limited by its own home rule charter, the state constitution, or general state laws.
[2] Article IV, Section B-3-d of the home rule charter provides:
 d. After all persons have been given the opportunity to be heard, the council may pass the ordinance with or without amendments and the ordinance as finally adopted shall be published in full in the official parish journal within ten (10) days after it is approved by the parish president as provided in Section C hereof or within ten (10) days after council action overriding a presidential veto. The vote on final passage shall be recorded in the minutes of the council by the individual vote of each council member. To comply with the provisions of this Subsection, approved ordinances shall be published either individually or as part of the minutes of the council meetings.
* * * * *
Article IV, Section C-1 and C-2 provide:
 1. Every ordinance and resolution, except those hereinafter enumerated, adopted by the parish council shall be signed by the council secretary and chairman of the council and presented to the parish president within two (2) days after adoption.
 2. The parish president, within six (6) calendar days of the adoption of an ordinance or resolution, shall return it to the council secretary with or without his approval, or with his disapproval. If the ordinance or resolution has been approved or is not specifically disapproved it shall become effective as provided therein, or if not provided therein, on the fifth day following its publication in the official Parish Journal; if the ordinance or resolution is disapproved, the parish president shall submit to the parish council through the council secretary a written statement of the reasons for his veto. The council secretary shall record upon the ordinance or resolution the date of its delivery to and receipt from the parish president.
Opinion No. 81-350
March 17, 1981
94 SCHOOLS SCHOOL DISTRICTS — ADMIN., GOVERNMENT OFFICERS 90-B-4 PUBLIC MEETINGS — STATE LOCAL GOVERNING BODIES
School board operates as representative body, no requirement that board permit individuals to address governing body at board meeting.
Art. I § 7, Constitution Art. I § 9, Constitition R.S. 42:14
Mr. J. Donald Cascio Attorney at Law Post Office Box 667 Denham Springs, LOUISIANA 70726
Dear Mr. Cascio:
In your letter of March 13, 1981, you requested an opinion of this office as to whether a school board is legally required to permit individuals to address the governing body at a school board meeting. Most governing bodies of political subdivisions serve in a representative capacity. That is to say, the members of such bodies are delegates of the public or electorate. In some areas, New England for example, the entire community may participate in the government as in the case of the `town meeting', where there is a pure democracy in action. The school board in LOUISIANA is composed of representatives of the electorate and a representative democracy or republican form of government is the mode of operating. In LOUISIANA, the public may participate in government directly in certain instances such as referenda or bonds, taxes and local option elections. In The Law of Municipal Corporations, Eugene McQuillin, 3d Edition, the statement is made as follows:
 "It is clear that the public has no common-law right to attend meetings of governmental bodies. Consequently, such right is derived from statutes or ordinances, usually denominated as `open meetings laws.' Thus under some statutes and ordinances, any session of a board or commission must be open to the public where any action is taken which is required by law, rule or regulation to be recorded in the minutes, the journal or any other official record of the board or commission." (4 McQuillin Mun. Corp. 13. 07. p. 522)
Thus, if the authority to attend a meeting of a public governing body is dependent upon such right or privilege being granted by a constitutional provision, or statute, we must examine those bodies of law to discern whether there is such a mandate and what parameters or bounds are provided to guide what must or may occur at a public meeting.
Article I Section 7 of the 1974 LOUISIANA Constitution provides as follows:
 "No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom."
Article I Section 9 of the 1974 LOUISIANA Constitution provides as follows:
 "No law shall impair the right of any person to assemble peaceably or to petition government for a redress of grievances."
R.S. 42:14 et seq. establishes the `Open Meeting Law' in LOUISIANA and provides that except in extraordinary or unusual circumstances, citizens are entitled to attend the meetings of governing bodies. Nowhere in the Constitution or statutes of LOUISIANA is there any requirement that a governing body go beyond permitting citizens to attend their meetings. Thus, the authority to permit citizens to directly participate in any meeting of a public governing body or committee thereof is vested within that body.
 "In the absence of legal provisions or restrictions a municipal legislative body may, from time to time, adopt and change its own rules or parliamentary usage as to procedure. The charter or a statute applicable may prescribe rules for the government of the proceedings of councils, municipal boards, etc., and oftentimes the organic law provides that the council or representative body may adopt its own rules of action. The council may abolish, suspend, modify or waive its own rules. This also may be done by implication, when action is had not in accordance therewith. Of course, it cannot disregard mandatory charter or statutory provisions. Furthermore, although it may be otherwise as to rules springing from the inherent authority of the council, rules adopted under ample grants of power are said to be as binding upon the council as charter or statutory provisions."
If a local governing body, such as a school board, desires not to allow citizens to address its membership, it is our opinion that such action is not violative of any constitutional provision or statute.
Very truly yours,
William J. Guste, Jr. Attorney General
BY:_____________________ Kenneth C. DeJean Assistant Attorney General